IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ELISA LYNNE EASTWOOD                                                                PLAINTIFF

v.                                             CIVIL NO. 21-3031

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Elisa Lynne Eastwood, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on January 11, 2019, alleging an inability to work since December 31, 2018, due to fibromyalgia, lumbago with sciatica, cervical pain, fatigue, polyarthralgia, restless leg syndrome, primary insomnia, patellofemoral syndrome of the right knee, and tinnitus. (Tr. 115, 196).  An administrative telephonic hearing was held on July 6, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 80-113).

By written decision dated September 15, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, moderate stenosis of the cervical spine, mild degenerative disc disease, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only occasionally climb ramps, stairs, ladders, ropes, and/or scaffolds; the claimant can only occasionally balance, stoop, knee[l], crouch, and/or crawl; the claimant can only occasionally perform bilateral overhead reaching; the claimant can frequently bilaterally handle and/or finger; the claimant can perform simple, routine, and repetitive tasks; and the claimant will require a sit/stand at will option at her workstation.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a charge account clerk, and a food and beverage order clerk. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on March 9, 2021. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14).

Plaintiff argues the following points on appeal: 1) The ALJ failed to consider the combined effects of Plaintiff's impairments when determining Plaintiff's RFC; and 2) the ALJ erred when determining the persuasiveness of the medical opinions. (ECF No. 13). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 14). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff claims she suffers from a number of different impairments, that, in combination, cause her to be disabled. Upon review of this claim, the Court finds no basis for reversal on this issue. In the hearing decision, the ALJ considered each of Plaintiff's impairments and found the "combination of impairments" did not meet or equal the severity of one of the Listings. (Tr. 14). The ALJ also stated that she considered all of Plaintiff's medically determinable impairments when assessing Plaintiff's RFC. *Id*. This language is sufficient to demonstrate the ALJ considered Plaintiff's impairments in combination. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011).

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants and a treating physician; a physical therapy evaluation performed at the request of her treating physician; Plaintiff's subjective complaints; and her medical records. The ALJ specifically discussed the opinions of the non-examining medical consultants, Plaintiff's treating physician (Dr. Jon Kevin Richter), and a physical therapist (Mr. Chris Quattlebaum). With each provider, the ALJ stated how persuasive she found each medical opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

    DATED this 27th day of April 2022.

                      /s/    *Christy Comstock*
                      HON. CHRISTY COMSTOCK
                      UNITED STATES MAGISTRATE JUDGE